## Trusky Estate

*Gallagher & Gallagher*, for petitioner.

GANGLOFF, P. J., February 8, 1950.—In this proceeding the petition filed is obviously under the provisions of section 202 of the Fiduciaries Act of April 18, 1949, P. L. 512. Leon Trusky died on January 8, 1950, intestate, leaving to survive as his only heirs at law entitled to his estate under the Intestate Act of 1947, his spouse, Alice Trusky, and one child, Leon Trusky,

Jr. Decedent's entire estate, according to the averments of the petition, consists of an automobile, a 1946 Buick sedan. The widow as petitioner asks that distribution be made of this personal estate "to those persons entitled to receive the property of the decedent without an administration of his estate" and, at the same time, she also "requests the right to retain and claim as a family exemption" the automobile which forms the sole asset of deceased husband's estate.

Under the provisions of section 202, above referred to, this court, upon petition of any party in interest, where the personal estate has a gross value not exceeding $1,000, "in its discretion, with or without appraisement, and with such notice as the court shall direct, and whether or not letters have been issued or a will probated, may direct distribution of the property . . . to the parties entitled thereto". Included with and made part of the petition in this case are the affidavits of two qualified persons, both experienced automobile dealers, each of whom avers that the fair value of the automobile is $800. Thus, prima facie at least, we have a gross personal estate of less than $1,000 and from that standpoint the petition clearly qualifies under the provisions of section 202 of the 1949 act.

As already mentioned, there is included in the petition a claim for the family exemption of $750. Generally, the claim for family exemption should be made as provided in sections 211 and 212 of the Act of 1949. However, where, as is the case here, the gross personal estate is under $1,000, a claim for the family exemption may be included in a petition for distribution filed under section 202. See comment of the commission following section 212. It therefore appears that the widow may include her claim for family exemption of $750 in her petition for distribution under section 202. She desires to take the automobile at the appraised

value and, of course, that means she must pay in cash the excess of $50.

Under section 2(c) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended, repealed by the Act of 1949 except in certain sections thereof which do not concern us here, an estate of $200 and under could be distributed by the orphans' court under a rule of court and without the grant of letters; and under the provisions of section 12(f) of that act, as amended, where the estate did not exceed in value $500, the person entitled to the exemption (then $500) could petition the court for an exemption "of said amount which the court may allow and set aside without notice or appraisement, whether or not letters have been issued or a will probated . . ." Section 202 of the 1949 act contemplates that rules of court will be made to cover at least the question of notice and how values are to be determined. The new rules which have become necessary by reason of the enactment of the Fiduciaries Act of 1949 have not been promulgated thus far and therefore the decree presently to be entered must fix the kind of notice to be given. Upon the question of values, counsel for petitioner consulted the court before the petition was prepared; we suggested that he support valuation by affidavits of two competent appraisers. This he has done and the intention is that this same requirement will be included in the new rules of practice. The open question is one of notice.

As already mentioned, the 1917 act required no notice where the exemption claimed consumed the entire estate. In the instant case the exemption claimed does not consume the entire estate and so, even though we were to look to the old law for guidance, we still would be confronted with the fact that we have here an estate in excess of the exemption. Obviously, this excess is to be distributed by the court under section 202. The excess in this case will be less than $50 because admin-

istration expenses come first; next comes the family exemption and both together probably will fall short of the $800 total value of the estate. See section 622 of the Act of 1949.

A practical viewpoint seems warranted here and we may assume that the only parties in interest who should be given notice are the funeral director, attending physician, nurses and hospital who will share pro rata under section 622, supra, in any fund over and above the $750 exemption and the administration expenses. The petition states that the undertaker is Louis Tuskowsky and the amount due him is $800 (we are not called upon to say whether or not this amount is excessive). Whether there is anything claimed for medical services, medicine or nursing service we do not know. Section 202 provides that "within one year after such a decree of distribution has been made, any party in interest may file a petition to revoke it because an improper distribution has been ordered. If the court shall find that an improper distribution has been ordered, it shall revoke the decree and shall direct restitution as equity and justice shall require".

Certainly petitioner does not want to take and hold title to the only asset in this estate under a cloud, namely, the possibility of an attack within the one-year period by a creditor who might come into court and claim that he had no notice of any proposed distribution. To avoid all this we think the entry of a final decree in this case should be deferred pending the service of notice upon those creditors who, from a practical standpoint, appear to be the only creditors, entitled under section 622, supra, to share in any fund remaining here for distribution after payment of the family exemption of $750. These latter creditors, if any, therefore are parties in interest and notice of the proceeding should be given to them.

We therefore enter the following preliminary order (it is understood that Leon Trusky, Jr., only other party in interest as an heir, lives with his mother, petitioner, and has approved the petition and hence notice to him is not necessary although it is suggested that counsel may well obtain a letter of approval from this son and file it with the papers in this case).

And now, February 8, 1950, in view of what has been said above, it is adjudged, ordered and decreed that (a) written notice shall be given by registered mail, by petitioner or her counsel, to Louis Tuskowsky, undertaker, and all other claimants, if any, who qualify as creditors of decedent's estate under subsection (3) of section 622 of the Fiduciaries Act of April 18, 1949, of the filing of the petition and of the prayer thereof, together with a warning in the same notice that in the absence of objections or exceptions filed with the court on or before Monday, February 27, 1950, at 10:30 a.m., a decree may be entered in accordance with the prayer of the petition, proof of the mailing of such notice at least 10 days before the return day to be filed; or (b) in lieu of such notice a written acceptance of notice of the filing of the petition and its purpose may be filed on or before the above return day and if such written acceptance of notice also includes a waiver of the required 10 days' prior notice a decree will be entered before the return day.

NOTE.—The following final decree was subsequently entered:

And now, February 2, 1950, proof having been presented that Louis Truskowsky, undertaker, is the only secured creditor entitled to take the estate in excess of the family exemption and costs of administration, and a waiver of notice having been filed by the undertaker, it is adjudged, ordered and decreed that the 1946 Buick sedan automobile, the only asset of decedent Leon Trusky, be and it hereby is awarded to Alice Trusky, widow of decedent, in full payment of the family exemption claimed by her, the excess of $50 in value over the family exemption to be paid by Alice Trusky as follows, namely, costs and counsel fee, and the balance then remaining to the above-named undertaker.